UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Jun 16 - 2022
John M. Domurad, Clerk

NIASHA SCOTT, individually and on behalf of all other persons similarly situated who were employed by RAGNAR & ROLLO INDUSTRIES, INC. d/b/a CLEANTEC SERVICES and/or any other entities affiliated with or controlled by RAGNAR & ROLLO INDUSTRIES, INC. d/b/a CLEANTEC SERVICES,

           Plaintiff,

vs.

RAGNAR & ROLLO INDUSTRIES, INC. d/b/a CLEANTEC SERVICES, and any related entities,

           Defendant.

CIVIL ACTION CASE NO:
21-cv-0956 (ATB)

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

WHEREAS, the Parties have made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving settlement in the above-entitled action of the claims alleged, in accordance with a Settlement Agreement and Release (the "Agreement"), which sets forth the terms and conditions for the settlement of this action against Defendants and for dismissal of this action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Declaration of Frank S. Gattuso dated June 1, 2022, and exhibits attached thereto;

WHEREAS, on February 29, 2022, this Court issued an order preliminarily approving the proposed settlement agreement and providing for Notice of the settlement to the Class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff and the Class, as defined in the proposed Agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further review the terms of the settlement and to provide an opportunity for any objections to

be heard;

WHEREAS, Class Counsel and the Claims Administrator have advised that no objections to the settlement or requests for exclusion have been received;

WHEREAS, the Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court finds that the settlement is procedurally fair and has been reached through arms-length negotiation between experienced counsel and having engaged in adequate discovery.

2. The Court also finds that the settlement satisfies the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*"). The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

3. This Court has jurisdiction over the subject matter of this action, and over all parties to the action, including all Class Members.

4. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

5. The settlement set forth in the Agreement is approved and the settlement is, in all

respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6. All terms and provisions of the Agreement shall be implemented.

7. Class Members who have not properly and timely exercised their opt-out rights are conclusively deemed to have released or discharged Defendant and its present and former owners, officers, directors and employees from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

8. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

9. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

10. The Settlement Fund is to be distributed to the Class Members, pursuant to the Agreement, all in accordance with the terms of the Agreement, to those individuals who have elected to participate in the settlement, including the service award to the Named Plaintiff in the amount of $2,500, professional costs and fees in the amount of $25,000, and claims administration fees in the amount of $9,000.

11. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

12.    That the Clerk of the Court is directed to close case 21-cv-0956 on __6/16/2022__, 2022 and dismiss the case with prejudice.

It is so ORDERED this __16th__ day of __June__ 2022.

_Andrew T. Baxter_

Hon. Andrew T. Baxter
United States Magistrate Judge
Northern District of New York